UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

| BARRY WADDELL, | ) | |
|---|---|---|
| Petitioner, | ) | |
| | ) | No. 4:17-CV-00057-JRG-CHS |
| v. | ) | |
| | ) | |
| DARREN SETTLES, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION

Presently before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 [Doc. 2] filed pro se by Barry Waddell ("Petitioner"). Respondent has filed a motion to dismiss the petition [Doc. 9]. Petitioner has not filed a reply and the time for doing so has passed. E.D. Tenn. L.R. 7.1(a). For the following reasons, the Court finds that Petitioner's motion is untimely. Accordingly, Respondent's motion to dismiss [Doc. 9] will be **GRANTED**, Petitioner's § 2254 petition [Doc. 2] will be **DENIED** and this action will be **DISMISSED with prejudice**.[1]

### I. PROCEDURAL BACKGROUND

In March 1997, Petitioner was convicted by a Davidson County jury of two counts of rape of a child and two counts of aggravated sexual battery [Doc. 8-12 at 11–14]. He was sentenced to twenty-five years for each count of rape of a child and ten years for each count of aggravated sexual battery, with all sentences to be served consecutively, for an effective sentence of seventy years [*Id.*].

---

[1] Because Petitioner's motion is time-barred, the Court need not address Respondent's additional contention that Petitioner's motion fails to comply with the pleading requirements set forth in Rule 2 of the Rules Governing § 2254 Cases.

On direct appeal, the Tennessee Court of Criminal Appeals ("TCCA") affirmed the length of the sentences imposed on the two counts of aggravated sexual battery and found no error in the imposition of consecutive sentences, but did find that the trial court used the incorrect presumptive sentence for the determination of Petitioner's sentences for the two counts of rape of a child and modified his sentences on each of those two counts to twenty-three years, resulting in a modified effective sentence for all counts of sixty-six years. *State v. Waddell*, No. 01C01-9801-CR-00016, 1999 WL 343913, at * 8 (Tenn. Crim. App. June 1, 1999). Petitioner did not seek review in the Tennessee Supreme Court.

On August 4, 2000, Petitioner filed a petition for post-conviction relief which the trial court summarily dismissed as time-barred [Doc. 8-6 at 17–19]. The TCCA agreed that the petition was untimely and affirmed. *Waddell v. State*, No. M2001-00096-CCA-R3-PC, 2001 WL 1246393 (Tenn. Crim. App. Oct. 17, 2001). On April 8, 2002, the Tennessee Supreme Court denied Petitioner's application for permission to appeal [Doc. 8-9].

On April 29, 2008, the TCCA denied Petitioner's application for permission to appeal the trial court's denial of his first motion to re-open his post-conviction petition [Doc. 8-10]. On October 27, 2008, the Tennessee Supreme Court declined discretionary review of the TCCA's decision [Doc. 8-11].

On October 3, 2016, Petitioner filed a second motion to re-open his post-conviction petition on the ground that *Sutton v. Carpenter*, 745 F.3d 787 (6th Cir. 2014),[2] established a new rule of constitutional law that should be applied in his case [Doc. 8-12 at 23–30]. The trial court denied the motion finding that it was time-barred and also that it failed to state a cognizable claim for

---

[2] In *Sutton*, the Sixth Circuit Court of Appeals held that the exception carved out in *Martinez v. Ryan*, 566 U.S. 1 (2012), to the general rule that attorney error in state post-conviction proceedings cannot constitute cause to excuse a procedural default in a federal habeas corpus proceeding applies in Tennessee. *Sutton*, 745 F.3d at 789.

relief [Doc. 8-12 at 62–67]. The TCCA dismissed Petitioner's appeal for lack of jurisdiction because Petitioner failed to comply with the statutory requirements governing an appeal from the denial of a motion to re-open post-conviction proceedings. *Waddell v. State*, No. M2016–02509–CCA–R3–PC, 2017 WL 3412200, at *1 (Tenn. Crim. App. Aug. 9, 2017). The TCCA further observed that, even if Petitioner's appeal were to be considered on the merits, they would conclude that his motion properly was denied because he filed the motion more than a year after the opinion in *Sutton* was decided and because *Sutton* did not establish a new rule of constitutional law that required retroactive application to Petitioner's case. *Id*. at * 2.

## II. ANALYSIS

The Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996 places a one-year period of limitation for habeas corpus petitions brought under § 2254 which runs from the latest of: (1) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (2) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from making a motion by such State action; (3) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1).

Here, the TCCA modified Petitioner's original sentence from an effective sentence of seventy years to an effective sentence of sixty-six years on June 1, 1999. *Waddell*, 1999 WL 343913, at * 8. Petitioner's judgment became final within the meaning of § 2244(d)(1)(A) thirty days later when the time period for filing an appeal to the Tennessee Supreme Court expired. Tenn.

R. App. P. 4(a); *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012) (when no appeal is taken to highest state court, judgment becomes final when time for seeking review expires). Thus, the one-year limitation period began running on July 1, 1999, and expired a year later on July 1, 2000. Petitioner's pending § 2254 motion was not filed until October 4, 2017, over seventeen years later. Thus, his motion is untimely under § 2244(d)(1)(A).[3]

Nor does Petitioner's motion satisfy any of the other subsections of § 2244(d)(1). He does not allege, nor can the Court discern, any impediment created by the State which prevented his filing of a timely application, or any new factual predicates underlying his claims that he could not have discovered through the exercise of due diligence which would justify tolling under either §§ 2244(d)(1)(B) or (D). To the extent Petitioner seeks to rely on *Sutton* to trigger a renewed one-year limitation period under § 2244(d)(1)(C) running from the date of that decision, his effort is unavailing. First, subsection (C) requires that a new constitutional right be "recognized by the Supreme Court" and "made retroactively applicable to cases on collateral review." Conversely, *Sutton* was a decision of the Sixth Circuit Court of Appeals which did not recognize a new constitutional right but merely determined that the Supreme Court's holdings in *Martinez v. Ryan*, *supra*, and *Trevino v. Thaler*, 569 U.S. 413 (2013), apply in Tennessee.[4] Moreover, *Sutton* was

---

[3] Under the AEDPA, the running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). Although Petitioner sought post-conviction review, he is not entitled to tolling of the limitation period under § 2244(d)(2) because his post-conviction petition was dismissed as time-barred and thus was not "properly filed." *See Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005).

[4] In *Martinez*, the Supreme Court held that "[w]here, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." 566 U.S. at 17. *Trevino* extended the *Martinez* rule to states whose procedural requirements make it "highly unlikely" that a defendant will have a meaningful opportunity to raise a claim of ineffective assistance of trial counsel on direct appeal. 569 U.S. at

4

decided on March 19, 2014, and Petitioner's motion was not filed until over 3 years later on October 4, 2017, and thus would be untimely even under that later triggering date.[5]

Finally, the Court finds that there are no circumstances present which would warrant equitable tolling of the limitations period. It is settled that the one-year limitation period set forth in § 2244(d)(1) is a statute of limitations subject to equitable tolling. *See Akrawi v. Booker*, 572 F.3d 252, 260 (6th Cir. 2009); *Keenan v. Bagley*, 400 F.3d 417, 420 (6th Cir. 2005). A petitioner bears the burden of showing that he is entitled to equitable tolling. *See Keenan*, 400 F.3d at 410; *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). The Sixth Circuit repeatedly has cautioned that equitable tolling should be applied "sparingly." *See Sherwood v. Prelesnik*, 579 F.3d 581, 588 (6th Cir. 2009); *Jurado v. Burt,* 337 F.3d 638, 642 (6th Cir. 2003); *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002).

A petitioner seeking equitable tolling of the habeas statute of limitations has the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Lawrence v. Florida*, 549 U.S. 327 (2007) (citing *Pace*, 544 U.S. at 418); *Akrawi*, 572 F.3d at 260. Petitioner has failed to raise equitable tolling or allege any facts or circumstances that would warrant its application in this case. Accordingly, Petitioner is not entitled to equitable tolling of the one-year limitation period.

### III. CONCLUSION

---

429. Neither *Martinez* nor *Trevino* recognized a newly recognized constitutional right; rather, *Martinez* announced an equitable, not a constitutional, rule and *Trevino* merely applied that equitable rule to differing state procedural requirements. *See Moreland v. Robinson*, 813 F.3d 315, 326 (6th Cir. 2016).

[5] Again, Petitioner could not avail himself of the tolling provision in § 2244(d)(2) because his second motion to re-open his post-conviction petition in light of *Sutton* was untimely and thus was not "properly filed." *Pace*, 544 at 417.

For the reasons set forth herein, the Court finds that Petitioner's § 2254 petition is untimely and that there is no basis for equitable tolling. Accordingly, Respondent's motion to dismiss [Doc. 9] will be **GRANTED**, Petitioner's § 2254 petition [Doc. 2] will be **DENIED** and this action will be **DISMISSED with prejudice**.

## IV. CERTIFICATE OF APPEALABILITY

Finally, the Court must consider whether to issue a certificate of appealability (COA) should Petitioner file a notice of appeal. Under 28 U.S.C. § 2253(a) and (c)(1), a petitioner may appeal a final order in a § 2254 case only if she is issued a COA, and a COA will be issued only where the applicant has made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2).

Where claims have been dismissed on their merits, a petitioner must show reasonable jurists would find the assessment of the constitutional claims debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). A petitioner whose claims have been rejected on a procedural basis must demonstrate that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.*; *see also Porterfield v. Bell*, 258 F.3d 484, 485-86 (6th Cir. 2001). Here, Petitioner has failed to demonstrate that jurists of reason would find it debatable whether the Court's procedural finding that his habeas corpus motion is untimely is correct. Accordingly, a COA **SHALL NOT ISSUE**.

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE
